UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAWAN SAWAN,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.

Respondents.

No.  1:26-cv-0736-DAD-EFB (HC)

FINDINGS AND RECOMMENDATIONS

According to his verified petition, petitioner is a native and citizen of India who fled to the United States seeking asylum from religious persecution.  ECF No. 1 ¶ 9.  The factual background of his case is set forth in both his petition and in immigration records submitted by respondents.[1]

Petitioner was placed in detention shortly after his arrival in the United States, on August 24, 2019.  *Id*. ¶ 10.  He was placed in "regular removal proceedings" pursuant to 8 C.F.R. § 208.30.  *Id*. ¶ 11.  He applied for asylum and his case is currently on appeal to the Board of Immigration Appeals (BIA).  *Id*.; ECF No. 7-2.

He was released from custody on a $10,000 bond.  ECF No. 1 ¶ 12.  According to Department of Homeland Security (DHS) records, he was placed in the Alternative to Detention (ATD) program as of February 12, 2020.  ECF No. 7-1 at 5.  Petitioner claims he complied with reporting and check-in requirements required by Immigration and Customs Enforcement (ICE).

---

[1]  The court ordered the matter submitted on the pleadings and vacated the hearing that was set for July 15, 2026.  ECF No. 13.

1

ECF No. 1 ¶ 14.  He was arrested at an ICE check-in on December 11, 2025.  *Id*. ¶ 13.  ICE informed him he had violated "ICE rules" but did not provide any specific information about the rules he was alleged to have violated, or how he violated them.  *Id*. ¶ 13.  According to an ICE arrest warrant issued December 11, 2025, petitioner "has an extensive record of ATD violations, beginning on 08/26/2021" but only two violations are specified:  (1) he was not present for a scheduled home visit on August 26, 2021; and (2) he missed a required check-in on November 9, 2025.  ECF No. 7-1 at 5.

Petitioner has no criminal history, and he maintains there has been no change in his circumstances which would justify his detention.  *Id*. ¶¶ 17, 19.

Respondents do not dispute petitioner's factual allegations.  They add that petitioner received a custody redetermination hearing on February 9, 2026.  *Id*. at 2; ECF No. 7-3.  The immigration judge (IJ) denied release from detention on the basis of *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 218-19 (BIA 2025).  ECF No. 7-3.  Petitioner did not appeal the IJ's decision, and respondents argue that his petition should be dismissed for failure to exhaust administrative remedies.  ECF No. 7 at 2.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## ANALYSIS

Petitioner's placement in the ATD program signals an implicit or explicit finding that he was not dangerous or a flight risk.  See ECF No. 1 ¶ 45.  A missed home visit and a missed check-in in a time-span of over four years does not materially affect this determination.  *See Baljinder v. Wofford*, No. 1:26-cv-2152-TLN-AC, 2026 WL 1243629, at *1 n.3 (E.D. Cal May 6, 2026) (ordering immediate release of a noncitizen detained on the basis of a missed ICE check-in); *K.J.R.D. v. Wofford*, No. 1:26-cv-0610-JLT-CDB, 2026 WL 821001 (E.D. Cal. Mar. 25,

2026) (recommending immediate release of a noncitizen detained on the basis of three missed check-ins). He does not appear to have any criminal history. He is not subject to a final order of removal.

Respondents' sole argument to justify petitioner's detention is that they claim he is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 7 at 1. Courts in this district have held that noncitizens such as petitioner "who were physically present in the United States for some period of time before they were detained by ICE" are subject to the procedural protections of § 1226(a) and are not subject to mandatory detention under § 1225(b). *Gutierrez v. Chestnut*, No. 1:25-cv-1515-DAD-AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *see also, e.g., Jimenez Pascual v. Blanche*, No. 1:26-cv-3133-DAD-SCR, 2026 WL 1218832, at *1 (E.D. Cal. May 5, 2026).

Petitioner was detained without having received a pre-deprivation bond hearing as required by § 1226(a). He was denied bond at a post-deprivation hearing almost two months after his detention based on *Yajure Hurtado*, "which held that immigration judges lack authority to grant bond to certain noncitizens pursuant to 8 U.S.C. § 1225(b)(2)(A)." *Espinoza v. Chestnut*, No. 1:26-cv-0937-DAD-CKD, 2026 WL 309562, at *1 (E.D. Cal. Feb. 5, 2026). As in *Espinoza*, "the prudential exhaustion requirement with regard to a bond hearing should be waived as it would be futile to seek release by administrative means" in light of the government's position regarding the statutory basis for petitioner's detention. *Id*. (citing *Bekler v. Noem*, No. 1:25-cv-1974-CDB, 2026 WL 234949, at *7 (E.D. Cal. Jan. 29, 2026)). For these reasons, the undersigned recommends petitioner's immediate release as opposed to a bond hearing, and that respondents be enjoined from re-detaining him without constitutionally adequate pre-deprivation procedures.[2] *See Jimenez Pascual*, 2026 WL 1218832, at *2.

////

////

////

---

[2] In the interests of judicial economy, the undersigned does not reach the remaining claims of the petition regarding alleged violations of the Administrative Procedures Act and the Immigration and Nationality Act.

3

**MOTIONS FOR IMMEDIATE RELEASE**

Petitioner has filed two motions for his immediate release based on the facts surrounding his detention, as they are set forth above.  ECF No. 10; ECF No. 12.  He argues that:  (1) his detention without a pre-deprivation bond hearing violates the Fifth Amendment due process clause; (2) he is not subject to § 1225(b)(2); and (3) his immediate release is the only appropriate remedy.  Respondents have not responded to these motions.  The undersigned is recommending petitioner's immediate release on the merits of his habeas petition, and for this reason recommends denying petitioner's motions as moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on his claim for violation of the Fifth Amendment Due Process Clause.

2) Respondents be ordered to immediately release petitioner from custody with the same conditions he was subject to immediately prior to his detention on December 11, 2025.

3) At the time of his release, respondents be required to return all of petitioner's documents and possessions in their custody and control.

4) Respondents be directed to not re-detain petitioner without providing him notice and a pre-deprivation hearing before an immigration judge where the government has the burden to demonstrate a change in circumstances by clear and convincing evidence.

5) The Clerk be directed to serve the California City Correctional Facility with a copy of the Court's order.

6) These recommendations do not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

7) The Clerk of Court be directed to enter judgment in petitioner's favor and close the case.

Case 1:26-cv-00736-DAD-EFB   Document 14   Filed 07/06/26   Page 5 of 5

8) Petitioner's motions for immediate release (ECF No. 10 and ECF No. 12) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 6, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5