UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAWAN SAWAN,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-00736-DAD-EFB

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION TO DISMISS, AND DENYING AS MOOT MOTIONS FOR IMMEDIATE RELEASE

(Doc. Nos. 1, 7, 10, 12, 14)

Petitioner Sawan Sawan is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 6, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 14.) Specifically, the magistrate judge found that because petitioner was previously released and placed in the Alternative to Detention program, he should have received a hearing prior to his re–detention, which respondents failed to afford him, and the immediate release of petitioner was the appropriate relief. (*Id.* at 2–4.) The pending findings and recommendations were served on

/////

1

the parties and contained a notice that any objections thereto were to be filed within seven (7) days of service. (*Id.* at 5.)

On July 13, 2026, respondents filed objections to the findings and recommendations. (Doc. No. 15.) First, respondents object to the finding that petitioner is detained under 8 U.S.C. but acknowledges that judges in this district have consistently found to the contrary. (*Id.* at 1.) The undersigned has rejected the government's argument in this regard on many occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Second, respondents argue that even if petitioner were subject to § 1226(a), respondents object to the recommendation of an order for immediate release. (*Id.* at 1–2.) Respondents argue that if relief is granted, the remedy should be the process permitted under 8 U.S.C. § 1226(a), a post-deprivation bond hearing. (*Id.* at 2.) However, as the court has found previously, procedural due process requires that a petitioner receive *pre*-deprivation due process in these circumstances. *See Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578, at *3 (E.D. Cal. Nov. 14, 2025).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including respondents' objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on July 6, 2026 (Doc. No. 14) are ADOPTED IN FULL;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Sawan Sawan, A-File No. 203-675-822, from respondents' custody on the conditions he was subject to, if any, immediately prior to his re-detention on December 11, 2025;

/////

     b.     Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

3.     Respondents' motion to dismiss (Doc. No. 7) is DENIED;

4.     Petitioner's motions for immediate release (Doc. Nos. 10, 12) are DENIED as having been rendered moot by this order granting habeas relief;

5.     The Clerk of the Court is directed to serve a copy of this order on the California City Correctional Facility; and

6.     The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated:   **July 20, 2026**                        _____

                                            DALE A. DROZD
                                            UNITED STATES DISTRICT JUDGE